**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

CHAMBERS OF
JOEL A. PISANO
JUDGE

Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street
Trenton, NJ 08608
(609) 989-0502

**August 14, 2006**

**LETTER OPINION**
**ORIGINAL TO BE FILED WITH THE CLERK OF THE COURT**

Re:      **Jane Roe v. Anthony Ryan**
         **No. 05-5867**

Dear Parties:

On July 18, 2006, the parties appeared before the Court for oral argument on an order to show cause and on the numerous motions pending in this matter. At that time, the parties indicated that they were willing to settle this matter and the Court conducted a settlement conference. The parties reached a settlement agreement. The terms of the settlement agreement between the parties were placed on the record on July 18, 2006 and are as follows:

(1)   the parties agree to exchange mutual general releases, meaning that neither side will bring any claims against the other for anything which occurred up to and including today;

(2)   the parties agree that they will never speak to one another again; and

(3)   the parties agree that they will not speak about the incident giving rise to this litigation nor will they speak about this litigation to any third party.

Based on these terms, the parties agreed to the Court's dismissal of the matter with prejudice and without costs to either party, thereby bringing this matter to a close. On July 19, 2006, the Court entered an order dismissing the case as settled.

Currently before the Court is Plaintiff, Jane Roe's application pursuant to Fed. R. Civ. P. 60(b) to vacate the Court's July 19, 2006 order. A court may vacate a judgment pursuant to Rule 60(b) if a party shows (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or other misconduct of an adverse party; (4) a void judgment; (5) the judgment has been satisfied, released, or discharged, or a prior judgment on which it is based has been reversed or vacated, or it is not equitable that the judgment apply prospectively; or (6) any other reason justifying relief from the operation of the judgment. See Fed. R. Civ. P. 60(b); United States v. Rinaldi, 447 F.3d 192, 193 n.2 (3d Cir. 2006).

Plaintiff makes the following claims in support of her application:

(1) Plaintiff did not expect the Court to hold a settlement conference on July 18, 2006 and instead, thought she "came to court in response to a Show Cause Order";

(2) Plaintiff did not give due deliberation to her decision to settle the lawsuit;

(3) The Court's order did not expressly set forth the terms of the agreement made;

(4) Defendant failed to provide valuable consideration for having the lawsuit against him dismissed;

(5) Plaintiff had been hospitalized earlier in July and was under stress when she agreed to the settlement;

(6) Plaintiff, an unrepresented party, did not have the benefit of discussing the matter with counsel before settling;

(7) Plaintiff has no way of "policing" whether Defendant is in compliance with the agreement;

(8) The terms of the settlement agreement are ambiguous;

(9) Plaintiff forgot at the time of settlement that Defendant contacted what appears to be the New York Bar Association, Appellate Division, First Department, to try to have Plaintiff, who is apparently a law school graduate, disciplined; and

(10) The agreement was never reduced to writing and signed by the parties.

The Court holds that Plaintiff's arguments are patently frivolous and brought in bad faith considering Plaintiff's conduct at the Court's July 18, 2006 conference and agreement to the proposed settlement. On July 18, 2006, although the parties appeared before the Court for argument on an order to show cause and on various pending motions in this matter, Plaintiff in particular informed the Court that she wanted the Court to engage in a settlement conference in an attempt to settle the case. The following exchange occurred between the undersigned and Plaintiff:

Q: Now, is there an interest in attempting to settle the case?
A: Yes.

Plaintiff's response in this regard was consistent with a letter sent by Plaintiff to the Court dated July 1, 2006 in which she requested that the Court hold a settlement conference. In this letter, Plaintiff states, "I would like to make an effort to settle this lawsuit with the Court's assistance."

2

Thereafter, the Court proceeded to conduct a settlement conference between the parties to arrive at an agreeable solution to this dispute. After lengthy discussions with both parties, the parties came to a resolution. The Court then placed the proceedings on the record and set forth the terms of the settlement agreement as agreed to by the parties. The Court specifically notes that the terms were derived from a proposal suggested by Plaintiff herself. After reciting the terms as outlined above, the Court engaged in the following colloquy with Plaintiff:

> Q: Is that your understanding, [Jane Roe]?
> A: It is.
> Q: Did I leave anything out?
> A: No, you did not.
> Q: Do you understand that you're under no obligation to reach this settlement but rather you have the right to continue litigating until its ultimate conclusion?
> A: Yes.
> Q: Has anybody forced you to agree to this settlement?
> A: No one has.
> Q: Has anybody offered anything that I've not stated on the record?
> A: No one did.

Following the settlement conference, the Court received a letter from Plaintiff dated July 18, 2006. In this letter, Plaintiff states, in relevant part, "I regret the need to write you again regarding the above-referenced case, which was settled today after a settlement conference conducted by the Court." Plaintiff further states, "I am very appreciative of the Court's patience and the Court's efforts today that made the settlement of this case possible. This litigation was bitter and highly charged."

Given the foregoing, Plaintiff's application must be dismissed.

Plaintiff's claim that she did not expect the Court to hold a settlement conference is absurd considering the Court asked her if she wanted to engage in settlement discussions and she explicitly said yes.

Further, it is clear that Plaintiff gave sufficient deliberation to her decision and was not unduly influenced by stress in deciding to settle her case. She fully participated in the settlement discussions on July 18, 2006 and, after having time to consider the proposed terms, specifically agreed to the terms of the settlement on the record.

Plaintiff's attempt to fault the Court for not placing the terms of the settlement between the parties in the Court's order dismissing the case is also unfounded. The Court is under no obligation to place the terms of the agreement in the order dismissing the case. Further, the terms were explicitly agreed to by the parties on the record in open court.[1]

---

[1] To the extent Plaintiff is claiming that the Court should have filed this transcript, the Court has not filed the transcript out of respect for Plaintiff's wishes. At the beginning of this

3

Plaintiff's assertion that the Court's dismissal order should be vacated because Defendant failed to provide valuable consideration for having the lawsuit against him dismissed is likewise baseless. The promises made in the settlement agreement were mutual. In particular, Defendant agreed that he will not bring any claims against Plaintiff for anything which occurred between them prior to and including July 18, 2006.

Plaintiff's allegation that she was at a disadvantage because she was not represented by counsel is similarly frivolous. Plaintiff chose to file this action as a pro se litigant. She is also admittedly a law school graduate who, throughout the course of this lawsuit, demonstrated a sufficient knowledge of the applicable rules and procedures to contradict her claim of disadvantage in this application.

In addition, Plaintiff's argument that "it has occurred to her" that she has no way of "policing" whether Defendant is in compliance with the agreement is also meritless. Plaintiff agreed to the above-referenced terms. To the extent that Plaintiff cannot police Defendant's compliance, neither can Defendant police Plaintiff's compliance. This is not a basis for vacating the Court's order.

Furthermore, the Court finds that contrary to Plaintiff's assertions, the terms of the settlement agreement are unambiguous. The parties are prohibited from contacting each other and from speaking to third parties about the incident giving rise to the litigation and the litigation itself. The parties mutually released each other from any existing claims up until and including July 18, 2006.

The Court also rejects Plaintiff's contention that the fact that she forgot that Defendant apparently contacted the New York Bar Association, Appellate Division, First Department, in regard to Plaintiff when she settled the case. This is clearly not "newly discovered evidence" and does not justify vacating the order in question.

Lastly, Plaintiff faults the Court for not reducing the parties' agreement to a writing signed by the parties. As noted above, in an effort to accommodate both pro se parties in this matter, the Court placed the settlement between the parties on the record and explicitly asked both parties whether they understood the settlement terms and whether they agreed to the terms. No written memorialization was required. In any event, those terms are now memorialized in the instant order.

In conclusion, it appears that Plaintiff has merely had a "change of heart" and has filed this motion in an effort to prolong, what Plaintiff herself has termed this "bitter and highly

---

case, Plaintiff requested and was granted permission to proceed under the pseudonym "Jane Roe." Even on July 18, 2006, she informed the Court that she wished to remain as "Jane Roe" due to the sensitive nature of this lawsuit. The Court addressed Plaintiff by her legal name when it placed the settlement agreement on the record on July 18, 2006. Thus, the Court has not filed the text of the transcript.

charged" litigation. Her efforts are improper and clearly, do not establish mistake, inadvertence, surprise, newly discovered evidence, fraud, or any of the other potential bases for vacating an order under Rule 60(b). Thus, Plaintiff's application to vacate the Court's July 19, 2006 order dismissing this matter as settled is denied.

**SO ORDERED.**_____

                                                /s/ JOEL A. PISANO
                                                United States District Judge

| Original: | Clerk |
|---|---|
| cc: | Judge Arleo |
| | All Parties |
| | File |